# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-00447-RLV

| | |
|---|---|
| FRANCES MELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's Motion for Summary Judgment (Doc. No. 12) and Defendant Carolyn W. Colvin's Motion for Summary Judgment (Doc. No. 16). Because the parties' filings having been fully briefed and are currently pending, this matter is now ripe for disposition.

For the reasons that follow, the Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **GRANTED**, the Defendant's Motion for Summary Judgment (Doc. No. 16) is **DENIED**, and the decision of the Commissioner is **VACATED**. This matter is hereby **REMANDED** to the Commissioner for further proceedings consistent with this Order.

## I. BACKGROUND

On September 4, 2012, Plaintiff Frances Lynn Ashe Melton filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, *et seq.*, alleging an inability to work due to a disabling condition beginning September 1, 2011. [Doc. No. 10-3] at p. 18. The Commissioner of Social Security (the "Commissioner" or "Defendant") first denied Plaintiff's application on October 25, 2012 and, upon reconsideration, again denied

the application on November 27, 2012. [Doc. No. 10-3] at p. 18. On November 30, 2012, Plaintiff timely filed a written request for a hearing. [Doc. No. 10-3] at p. 18; [Doc. No. 10-5] at pp. 18-19. Plaintiff's request was granted and a hearing was held before Administrative Law Judge ("ALJ") Todd D. Jacobson on January 6, 2014. [Doc. No. 10-3] at p. 18; [Doc. No. 10-5] at p. 34. The ALJ issued his decision denying Plaintiff's disability claim on February 24, 2014. [Doc. No. 10-3] at pp. 15-34. The ALJ denied the claim on the basis that Plaintiff was not "disabled," as such term is defined by statute and applicable regulations, for the period between September 1, 2011 and the date of the decision. [Doc. No. 10-3] at p. 18. Plaintiff appealed the ALJ's decision to the Appeals Counsel and, on June 17, 2014, the Appeals Counsel denied review. *See* [Doc. No. 10-3] at pp. 2-7. Consequently, as a matter of law, the ALJ's decision became the final decision of the Commissioner.

On August 18, 2014, Plaintiff filed her complaint with this Court for the purpose of seeking judicial review of the ALJ's February 24, 2014 decision. [Doc. No. 2]. Subsequently, Plaintiff and Defendant filed cross-motions for summary judgment. [Doc. No. 12]; [Doc. No. 16]. These motions are now ripe for review.

**II.     DISCUSSION**

    A.     <u>Standard of Review</u>

Pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner is limited to determining: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."

42 U.S.C. § 405(g). Thus, if this Court finds that the Commissioner applied the correct legal standards and that her decision is supported by substantial evidence, the Commissioner's determination may not be overturned.

While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a *scintilla* and must do more than create a suspicion of the existence of a fact to be established." *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Indeed, "[i]t means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Smith*, 782 F.2d at 1179. Critically, "the substantial evidence standard 'presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" *Dunn v. Colvin*, 607 Fed. App'x 264, 266 (4th Cir. 2015). The standard is met by "less than a preponderance" of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

"In reviewing for substantial evidence, [a court must not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). Consequently, as long as the judgment is explained and supported by substantial evidence, this Court must accept the Commissioner's decision, even if this Court would reach an opposite conclusion or weigh the evidence differently if it were conducting a *de novo* review of the record. *See Hays*, *supra*, at 1456. Therefore, the issue before this Court is not whether Plaintiff *is* disabled, but whether the Commissioner's finding that she is *not* disabled is explained and supported by substantial evidence, and that such decision was reached based upon a correct application of the relevant law.

B. <u>Five-Step Sequential Analysis</u>

The Social Security Administration (the "SSA") has defined disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which is expected to last for a period of at least 12 months. *See* 20 C.F.R. § 404.1505(a). To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. *See*, *e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims). If at any step in the sequential evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

To that end, federal law requires that an ALJ evaluate a claimant's application for disability benefits by considering whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"); (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment (i.e., from performing "other work"). 20 C.F.R. §§ 404.1520, 416.920. Through the fourth step, the burden of production and proof is on the claimant. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). The claimant must prove disability on or before the last day of his insured status to receive disability benefits. *Everett v. Sec'y of Health, Educ. & Welfare*, 412 F.2d 842, 843 (4th Cir. 1969). If the inquiry reaches step-five, the burden of production shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant

can perform, considering the claimant's age, education, work experience, and residual functional capacity. *Grant*, 699 F.2d at 191.

Following a hearing and a review of the record evidence, the ALJ entered his decision denying disability benefits to the Plaintiff. In his decision, the ALJ made a variety of factual findings regarding the Plaintiff's work history, medical history, and medical conditions. At step-one, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since September 1, 2011. [Doc. No. 10-3] at p. 20. At step-two, the ALJ found that the Plaintiff suffered from the following severe impairments: lumbar spine impairment and mental health impairment variously diagnosed.[1] *Id.* at p. 20; *see* 20 C.F.R. §§ 404.1520a, 416.920a; S.S.R. 96-8p, 1996 SSR LEXIS 5. At step-three, the ALJ's written decision determined that Plaintiff's impairments, taken alone or in combination, do not "meet[] or medically equal[] the severity of one of the listed impairments" found in the Listings. [Doc. No. 10-3] at pp. 20-21. However, as a result of her severe mental impairment, the ALJ did find that the Plaintiff suffered moderate limitations in concentration, persistence, and pace. [Doc. No. 10-3] at p. 21.

Prior to beginning his step-four analysis, the ALJ determined the Plaintiff's residual functional capacity (the "RFC"). Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant requires a sit/stand option on an occasional basis. She can occasionally climb ladders, can frequently climb stairs, balance, stoop, crouch, kneel, or crawl, w/ no concentrated exposure to hazards such as moving machinery or unprotected heights. She is further limited to unskilled work in a job with no more than occasional public contact.

[Doc. No. 10-3] at pp. 21-22. The ALJ represented that, in developing the RFC, he relied on his assessment of the Plaintiff's credibility, record evidence of the Plaintiff's medical history, medical

---

[1] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. *See Bowen v. Yuckert*, 482 U.S. 137 (1987).

opinion evidence, and hearing testimony. *Id.* at pp. 22-27. Once the RFC was developed, the ALJ proceeded to steps four and five of his analysis.

At step-four, the ALJ found that the Plaintiff is unable to perform any past relevant work. [Doc. No. 10-3] at p. 27. However, under the step-five analysis, the ALJ determined that Plaintiff is capable of performing the functions of "other work." [Doc. No. 10-3] at pp. 28-29. The ALJ based this finding on testimony given by a qualified vocational expert. *Id.* Based on the vocational expert's testimony and the record evidence, the ALJ determined that given the Plaintiff's age, education, experience, and residual functioning capacity, she would be able to perform the limited work-related functions associated with "light" and "unskilled" occupations, such as a laundry housekeeping, bench assembler, and final inspector. *Id.* at p. 28. The ALJ concluded that such occupations exist in significant numbers in the national economy and thus a finding of "not disabled" was appropriate under the regulations. *Id.* at pp. 28-29.

Plaintiff now challenges the ALJ's decision. Plaintiff argues that the ALJ's decision errs in several respects: first, the ALJ purportedly erred in assessing Plaintiff's credibility; second, the ALJ's RFC is purportedly not based on substantial evidence; third, the ALJ purportedly erred in the weight he assigned to certain medical opinions; and lastly, the ALJ purportedly erred in formulating the RFC and hypothetical posed to the vocational expert. Having considered the arguments, the Court finds that the ALJ's RFC and hypothetical require further analysis and remand is required on such basis. Accordingly, the Court will address only that portion of the briefing and will leave any remaining arguments to be raised with the ALJ on remand.

C. Remand is Required Because this Court is Unable to Determine Whether the RFC and Hypothetical Posed to the Vocational Expert, and Relied Upon by the ALJ in his Decision, are Complete and Based Upon Substantial Evidence.

In her brief, the Plaintiff essentially argues that, under the Fourth Circuit's recent decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), the ALJ erred in assessing her RFC and in formulating the hypothetical he posed to the vocational expert. She argues that the ALJ's RFC determination and hypothetical fail to account for her mental impairment and "moderate" limitations in her ability to maintain concentration, persistence, and pace, as determined by the ALJ in his steps two and three inquires. Essentially, she argues that her "moderate" limitations, which stem from her severe "mental health impairment," are not sufficiently addressed by a simple restriction to "unskilled" work in both the RFC and the hypothetical given to the vocational expert at Plaintiff's hearing. [Doc. No. 13] at pp. 14-16.

The Defendant counters by arguing that the ALJ adequately accounted for the Plaintiff's moderate limitations in concentration, persistence, and pace by limiting the Plaintiff's RFC to "unskilled" work. [Doc. No. 17] at pp. 23-24. Defendant contends that the ALJ supported his finding by explaining in his written decision that Plaintiff was capable of performing "unskilled" work, despite her limitations in concentration, persistence, and pace. *Id.* Thus, Defendant's counterargument boils down to an assertion that the ALJ considered Plaintiff's mental limitations, found that the limitations do not hinder Plaintiff from performing the tasks associated with "unskilled" work, and therefore the written decision adequately addresses Plaintiff's mental limitations by explaining why no additional mental-related limitation was included in the RFC or hypothetical beyond an "unskilled" work limitation. *See id.*

The Court agrees with Plaintiff that the analysis supporting the ALJ's RFC determination and hypothetical to the vocational expert is lacking and that it does not sufficiently address

Plaintiff's mental impairment and moderate limitations in her ability to maintain concentration, persistence, and pace. While the ALJ *did* address whether Plaintiff's impairment and limitations would hinder her ability to perform "unskilled" work as a task in-and-of-itself, the ALJ failed to analyze whether such an impairment, and the limitations resulting therefrom, would hinder Plaintiff's ability to perform "unskilled" work for a full workday. *See*, *e.g.*, *Mascio*, 780 F.3d at 636-37; *Ashcraft v. Colvin*, 2015 U.S. Dist. LEXIS 170251, at *39-40 (W.D.N.C. 2015) (Voorhees, J.). Accordingly, the ALJ failed to fully "translate" his step three findings to the Plaintiff's RFC and hypothetical, *Mascio*, 780 F.3d at 638, and this Court cannot meaningfully review the ALJ's RFC determination and hypothetical to determine whether they are complete and based upon substantial evidence. Therefore, remand is in order.

1. *ALJ's Obligations in Formulating an RFC and Hypothetical*

The Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. *See* 20 C.F.R. § 404.1512(c); *see also*, *e.g.*, *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); *Plummer v. Astrue*, 2011 U.S. Dist. LEXIS 155161, at *7-8 (W.D.N.C. 2011) ("The claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC."), *adopted by* 2012 U.S. Dist. LEXIS 70954 (W.D.N.C. 2012) (Voorhees, J.), *aff'd by* 487 F. App'x 795 (4th Cir. 2012). An individual's RFC is the capacity an individual possesses despite the limitations caused by physical or mental impairments. 20 C.F.R. § 404.1545(a)(1); S.S.R. 96-8p, 1996 SSR LEXIS 5. "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . ." S.S.R. 96-8p, 1996 SSR LEXIS 5. The RFC is based on all relevant medical evidence and other

evidence in the record and may include a claimant's own description of limitations arising from alleged symptoms. 20 C.F.R. § 404.1545(a)(3); S.S.R. 96-8p, 1996 SSR LEXIS 5. Where a claimant has numerous impairments, including non-severe impairments, the ALJ must consider their cumulative effect in making a disability determination. 42 U.S.C. § 423(d)(2)(B); *see Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989) ("[I]n determining whether an individual's impairments are of sufficient severity to prohibit basic work related activities, an ALJ must consider the combined effect of a claimant's impairments.") (citations omitted).

The RFC is utilized by the ALJ at steps four and five to determine whether the claimant can perform past work and, if not, whether there is other work the claimant can perform. *See Mascio*, 780 F.3d at 636 (citing S.S.R. 96-8p, 1996 SSR LEXIS 5). Social Security Ruling 96-8p explains that the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." S.S.R. 96-8p, 1996 SSR LEXIS 5, at *19. Thus, a proper RFC is critical because "a failure to first make a function-by-function assessment of the individual's limitations or restrictions could result in the adjudicator overlooking some of an individual's limitations or restrictions," which "could lead to an incorrect use of an exertional [or nonexertional] category to find that the individual is able to do past relevant work" and "an erroneous finding that the individual is not disabled." S.S.R. 96-8p, 1996 SSR LEXIS 5, at *11; *see also Cichocki v. Astrue*, 729 F.3d 172, 176 (2nd Cir. 2013) (per curiam). The hypothetical posed to the vocational expert must accurately reflect the RFC that the ALJ determines is appropriate for the claimant. *See*, *e.g.*, *Holliday v. Colvin*, 2015 U.S. Dist. LEXIS 176672, at *23 (E.D.N.C. 2015) ("A hypothetical question to a [vocational expert] is proper if it adequately reflects a claimant's RFC for which the ALJ had sufficient evidence." (citing *Johnson v. Barnhart*,

434 F.3d 650, 659 (4th Cir. 2005))).

In *Mascio*, the Fourth Circuit found that remand may be appropriate where "'an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'" *Id.* (quoting *Cichocki*, 729 F.3d at 177 (emphasis supplied)). Further, after an ALJ determines that a claimant is capable of performing certain tasks despite her impairments and limitations, the Fourth Circuit found that it is critical for an ALJ to discuss also whether the claimant has the ability to perform those tasks for a full workday. *See Mascio*, 780 F.3d at 636-37. Indeed, the *Mascio* court held that after an "ALJ has determined what functions he [or she] believes [a claimant] can perform," the ALJ must also discuss the claimant's "ability to perform them for a full workday." *See id.*

*Mascio* "agree[d] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace" by restricting the RFC and hypothetical question to "simple, routine tasks or unskilled work." *Mascio*, 780 F.3d at 638 (internal quotation omitted). "The ability to perform simple tasks differs from *the ability to stay on pace*. Only the later limitation would account for a claimant's limitation in concentration, persistence or pace." *Id.* (emphasis supplied). If a "moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [plaintiff's] residual functional capacity," the ALJ must explain his or her decision not to include such a limitation. *Id.*

This Court is limited to reviewing the ALJ's decision based on the record before it (i.e., the reasons stated by the ALJ in his or her decision), and may not endorse *post hoc* justifications for the ALJ's determinations. *See*, *e.g.*, *Torres v. Colvin*, 224 Soc. Sec. Rep. Service 523, at *15 (W.D.N.C. Jan. 5, 2016) (Voorhees, J.) ("On review, the Court must not rationalize an ALJ's

decision by raking through the administrative record, as a whole, intent upon finding the factual support necessary to uphold [an] ALJ's conclusory analysis. Expeditions of that sort improperly force the district courts to cobble together a factual basis for the ALJ's conclusions – in effect rendering the district court the fact-finder in the administrative process." (internal citations omitted)). Where a court is "left to guess about how the ALJ arrived at his conclusions on [a claimant's] ability to perform [the] relevant functions" identified in the ALJ's RFC or hypothetical for a full workday, remand is appropriate. *Id.* at 637.

> 2. *The ALJ's Decision Fails to Discuss Whether Plaintiff's Severe "Mental Health Impairment" and Moderate Limitations in Concentration, Persistence, and Pace Hinder Plaintiff's Ability to Perform "Unskilled" and "Light" Work for a Full Workday.*

In this case, based on his review of the administrative record and hearing testimony, ALJ Jacobson determined that Plaintiff is limited to performing "unskilled" tasks "in a job with no more than occasional public contact" and with several limitations on the physical demands of the job. *See* [Doc. No. 10-3] at pp. 21-22. Absent from those findings, however, is any discussion as to whether Plaintiff is capable of performing those tasks for a full workday. By previously finding that Plaintiff suffers from "moderate" limitations in concentration, persistence, and pace resulting from a "severe" "mental health impairment," ALJ Jacobson admitted that facts exist which correlate with a limitation on the Plaintiff's ability to stay on task and possibly perform other work-related functions for a full workday. *See Wedwick v. Colvin*, 2015 U.S. Dist. LEXIS 105065, at *58 (E.D.Va. 2015) ("As *Mascio* points out, admitting a limitation in concentration, persistence and pace correlates to a limitation in ability to stay on task, one that the ALJ neither posed to the [vocational expert], nor included in his assessment."). Nevertheless, in crafting Plaintiff's RFC, in articulating the hypothetical to the vocational expert, and in preparing his written decision, ALJ

Jacobson failed to explain whether Plaintiff's moderate limitations in concentration, persistence, and pace translated into an ability to perform "unskilled" work for a full workday. This failure appears to be in direct conflict with the *Mascio* court's opinion, which held as follows:

> [On remand,] [p]erhaps the ALJ can explain why Mascio's moderate limitation . . . at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the . . . limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ here gave no explanation, a remand is in order.

*Mascio*, 780 F.3d at 638 (citation omitted).

Other courts, including this Court, have previously held that a limitation to "unskilled" work, such as that included in ALJ Jacobson's RFC and hypothetical, fails to sufficiently address a claimant's limitations in concentration, persistence, and pace. *See Ashcraft v. Colvin*, 2015 U.S. Dist. LEXIS 170251, at *31-32 (W.D.N.C. 2015) (Voorhees, J.); *see also*, *e.g.*, *Butler v. Colvin*, 2016 U.S. Dist. LEXIS 28660, at *6-7 (E.D.N.C. Mar. 4, 2016); *Reinhardt v. Colvin*, 2015 U.S. Dist. LEXIS 50952, at *6-9 (W.D.N.C. 2015) (ordering remand where the ALJ acknowledged claimant had "mild" limitations resulting from a medically determinable impairment at the stage-two analysis, but failed to account for such finding in his formulation of that claimant's RFC); *Desilets v. Colvin*, 2015 U.S. Dist. LEXIS 129803, at *9-12 (D.S.C. 2015) (remanding matter because RFC limiting claimant to "performing simple, repetitive tasks that are low stress and require no major decision-making or changes in the work setting" did not sufficiently address the claimant's moderate limitations in concentration, persistence, and pace); *Volrath v. Colvin*, 2015 U.S. Dist. LEXIS 119095, at *5-8 (W.D.N.C. 2015); *Jones v. Colvin*, 2015 U.S. Dist. LEXIS 106622, at *11-19 (E.D.N.C. 2015) (collecting cases from the North Carolina district remanding cases "because the limitation in concentration, persistence, and pace was not accounted for in the RFC and/or hypothetical question to the VE"); *Franklin v. Colvin*, 2015 U.S. Dist. LEXIS 96876,

at *6-11 (W.D.N.C. July 24, 2015); *Faulkner v. Colvin*, 2015 U.S. Dist. LEXIS 99704, at *6-9 (W.D.N.C. 2015); *Scruggs v. Colvin*, 2015 U.S. Dist. LEXIS 62779, at *8-15 (W.D.N.C. 2015); *Raynor v. Colvin*, 2015 U.S. Dist. LEXIS 45977, at *2-7 (E.D.N.C. 2015); *Salmon v. Colvin*, 2015 U.S. Dist. LEXIS 43334, at *4-7 (M.D.N.C. 2015). Therefore, the Defendant's reliance on the inclusion of this limitation in the RFC is insufficient to permit affirming the Commissioner's decision.

The Court notes that ALJ Jacobson *did* make a finding that the Plaintiff's mental limitations do not prohibit her from being capable of performing "unskilled" work as a task in-and-of-itself. *See* [Doc. No. 10-3] at pp. 24, 27. Further, the ALJ analyzed whether Plaintiff's moderate limitation in concentration would hinder her ability to perform the tasks associated with "unskilled" work. *Id.* at p. 27. However, ALJ Jacobson failed to analyze how Plaintiff's moderate limitations in *persistence and pace* hindered her ability to work, and he also failed to analyze how *any* of her moderate limitations in this area hindered her ability to perform work *for a full workday*. Defendant's summary judgment brief fails to recognize this critical distinction and, therefore, is meritless as to this issue. Because ALJ Jacobson's decision lacks analysis on the critical issues highlighted above, this Court has no firm basis on which it may conclude that the RFC and hypothetical are complete and based upon substantial evidence. Accordingly, the ALJ's analysis contains an error sustaining remand. *See, e.g.*, *Mascio*, 780 F.3d at 638 ("[A]n ALJ does not account for a claimant's limitations in concentration, persistence, and pace" by restricting the RFC and hypothetical question to "simple, routine tasks or unskilled work.").

Lastly, the Court concludes that the ALJ's analysis cannot be found to constitute harmless error. At the Plaintiff's hearing, he first offered a hypothetical to the vocational expert that conforms substantially to the RFC contained in his written decision. *Compare* [Doc. No. 10-3] at

pp. 52-53 *with* [Doc. No. 10-3] at pp. 21-22. This hypothetical resulted in the vocational expert opining that "other work" existed in which the Plaintiff is capable of engaging. [Doc. No. 10-3] at pp. 52-53. However, the ALJ did not, at that point, conclude the hearing; rather, he went on to pose an additional hypothetical to the vocational expert, as follows:

> If I were to further find that the person would likely be off task more than 20 percent of the time due to medical problems. This would occur unpredictably during the work shift. If this were to occur, would that likely eliminate competitive employment?

[Doc. No. 10-3] at p. 53. To which the vocational expert replied:

> It would, yes, sir.

*Id.* The ALJ then continued, posing as follows:

> If the person were to miss . . . more than four days per month, would that . . . likely eliminate competitive employment as well?

[Doc. No. 10-3] at p. 53. To which the vocational expert, again, replied:

> Yes, sir, it would.

*Id.* The vocational expert did not testify whether such additional limitations would preclude Plaintiff from performing "other work" to a greater degree than already assessed. *Id.* Rather, the hearing was terminated shortly thereafter with no other findings made. *Id.* at pp. 53-55. The ALJ did not include the second or third hypotheticals in his written RFC determination, nor did he explain why they were excluded. [Doc. No. 10-3] at pp. 21-29.

The Court finds that this exchange illustrates the error in the ALJ's written RFC assessment. In his written decision, the ALJ credited the Plaintiff's mental impairment as severe and acknowledged that it resulted in moderate limitations that could affect her ability to stay on task for an entire workday. Additionally, at the hearing he posed additional hypotheticals to the vocational expert which appear to account for what he believed to be the moderate limitations on

Plaintiff's ability to work for a full workday. The vocational expert then testified that such limitations "would" "likely" preclude Plaintiff from additional competitive employment. However, the vocational expert did not testify whether this additional limitation would preclude Plaintiff from being able to do any or all of the "other work" he had previously identified as being available in response to the first hypothetical. In his written decision, the ALJ did not explain why these additional limitations were not included in the RFC. On review, this Court is unable to discern any reason as to why the additional limitations were excluded or whether the additional limitations, if included, would have resulted in the Plaintiff being found "disabled" under the statute. Thus, the Court is unable to meaningfully review the ALJ's RFC assessment. For this reason, as well as the others discussed above, a remand is in order.

## CONCLUSION

Because the Court has determined that *Mascio* warrants remand due to the ALJ's failure to properly explain his RFC determination and the hypothetical to the vocational expert, on which he relied, in light of his findings regarding Plaintiff's severe mental impairment and related limitations, the Court will not address the Plaintiff's remaining summary judgment arguments. *See*, *e.g.*, *Diprospero v. Colvin*, 2014 U.S. Dist. LEXIS 58612, at *4 (W.D.N.C. 2014); *Goode v. Colvin*, 2014 U.S. Dist. LEXIS 164845, at *8 (W.D.N.C. 2014); *Pullen v. Colvin*, 2014 U.S. Dist. LEXIS 58579, at *8 (E.D.N.C. 2014); *Bartz v. Colvin*, 2014 U.S. Dist. LEXIS 55718, at *8-9 (E.D.N.C. 2014), *adopted by* 2014 U.S. Dist. LEXIS 55717 (E.D.N.C. 2014); *Powell v. Astrue*, 2010 U.S. Dist. LEXIS 90000, at *11-12 (E.D.N.C. 2010), *adopted by* 2010 U.S. Dist. LEXIS 80724 (E.D.N.C. 2010). To do otherwise would have this Court provide an impermissible advisory opinion on such issues. *See Ashcraft v. Colvin*, 2015 U.S. Dist. LEXIS 170251, at *39-40 (W.D.N.C. 2015) (Voorhees, J.); *see also Schulte v. Colvin*, 2015 U.S. Dist. LEXIS 46962, at *4

(D. Kan. Apr. 10, 2015); *Catlin v. Colvin*, 2014 U.S. Dist. LEXIS 87460, at *5 (D. Kan. 2014); *accord Saterlee v. Astrue*, 450 Fed. App'x 753, 755 (10th Cir. 2011) ("Issues regarding the ALJ's extant credibility analysis may well be obviated by proceedings on remand, and we elect not to issue an advisory opinion on such matters.").

Further, because a new RFC determination may be necessary or because the ALJ may further explain his original RFC determinations on remand, it would be a waste of judicial resources for the Court to issue a lengthy opinion on such matters when they may be mooted by further proceedings. On remand, the Plaintiff may, instead, make her other arguments to the ALJ and the ALJ may correct any perceived error on his or her own. *Schulte*, 2015 U.S. Dist. LEXIS 46962, at *4; Catlin, 2014 U.S. Dist. LEXIS 87460, at *5.

**III.    DECRETAL**

**IT IS, THEREFORE, ORDERED THAT**

(1) The Plaintiff's Motion for Summary Judgment (Doc. No. 12) is hereby **GRANTED**;

(2) The Defendant's Motion for Summary Judgment (Doc. No. 16) is hereby **DENIED**;

(3) The final decision of the Commissioner (Doc. No. 10-3, at pp. 18-29) is hereby **VACATED**;

(4) This matter is hereby **REMANDED** to the Commissioner for further proceedings consistent with this Order; and

(5) The Clerk is directed to issue judgment in favor of the Plaintiff and to administratively terminate this case.

**SO ORDERED**.

Signed: April 15, 2016

Richard L. Voorhees
United States District Judge